```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                          :
LISBEN TORRES,                                            :
                                                          :
                                                          :
                          Plaintiff,                      :
                                                          :           19-CV-4848 (JMF)
           -v-                                            :
                                                          :           REMAND ORDER
ROBERT E. TESSING et al.,                                 :
                                                          :
                          Defendants.                     :
                                                          :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  This case was initially removed from the Supreme Court of New York, Bronx County, on May 24, 2019. ECF No. 1. By Order dated June 28, 2019, the Court remanded the case to that court on the ground that Defendants had "fail[ed] to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, as they must to establish diversity jurisdiction." ECF No. 10, at 3. On April 23, 2020, Defendants filed a second notice of removal, alleging that the amount in controversy had been established by bills of particulars they had received in discovery. ECF No. 11, ¶ 18. On the face of the removal notice, however, it appeared that the relevant bills of particulars had been served on Defendants more than thirty days before they had filed their notice of removal, making the removal potentially untimely pursuant to 28 U.S.C. § 1446(b)(3). *See* ECF No. 13. Accordingly, on June 5, 2020, the Court issued an Order to Show Cause why the case should not be remanded for failure to file a timely notice of removal under Section 1446(b)(3). *Id.*

  In their response to the Court's Order, Defendants concede that they "filed their Amended Notice of Removal" no earlier than "thirty-five (35) days [after] receiving plaintiff's

First and Second Supplemental Bills of Particulars," from which they were able to determine that the amount-in-controversy requirement was satisfied. *See* ECF No. 15, ¶ 26. That is, Defendants concede that their removal was untimely. Nevertheless, they argue that their delay should be excused in light of the "extenuating circumstances" caused by COVID-19. *Id.* ¶ 27.

Defendants' arguments are unavailing as it is well established that "[t]he 30-day deadline to file removal is rigorously enforced" and that "a defendant's failure to file within this period *requires* remand back to state court." *See Brown v. Amchem Prods., Inc.*, No. 19-CV-5844 (PGG), 2020 WL 1150223, at *3 (S.D.N.Y. Mar. 10, 2020) (emphasis added) (internal quotation marks, alterations, and ellipsis omitted); *accord Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020) (summary order). Accordingly, the case must be and is remanded to state court.

The Clerk of Court is directed to close the case and return the matter to the Clerk of the Supreme Court for the State of New York, Bronx County.

SO ORDERED.

Dated: June 29, 2020
       New York, New York                         _____
                                                  JESSE M. FURMAN
                                                  United States District Judge

2